IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT ) | |
| OF J.F. BRENNAN COMPANY, INC. FOR ) | Case No. _____ |
| EXONERATION FROM, OR LIMITATION OF, ) | |
| LIABILITY. ) | |

## COMPLAINT IN ADMIRALTY

Limitation Plaintiff J.F. Brennan Company, Inc. ("Plaintiff" or "Brennan") submits the following as its Complaint in Admiralty seeking exoneration from, or limitation of, liability:

1. This action arises under the laws of the United States providing for limitation of a vessel owner's liability, 46 U.S.C. § 30501 - § 30512, and the various statutes, rules, and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. Plaintiff was a corporation duly organized under the law, and at the time of the alleged incident that is the subject of this Complaint, was the owner *pro hac vice* of the Motor Vessels JENNIFER and BRIDGE BUILDER 125.

3. On information and belief, the M/V BRIDGE BUILDER 125 is presently located within this judicial district on the Hudson River.

4. On February 23, 2025, Plaintiff operated the M/V BRIDGE BUILDER 125 on a voyage in the vicinity of the Smith Point Bridge. Brennan was using the BRIDGE BUILDER 125, operating in concert with the JENNIFER, to maneuver two sectional Poseidon spud barges in the area of the Smith Point Bridge and, at times,

under the Smith Point Bridge.

5. On February 23, 2025, the BRIDGE BUILDER 125 and the JENNIFER were subject to common ownership and control and were engaged in the same venture.

6. On August 21, 2025, PSEG Long Island sent an invoice to Brennan alleging that it was "involved in an underground accident" on February 23, 2025 at "1 William Floyd Parkway c/s Suffolk Boulevard in Shirley, N.Y., causing damage to the property of the Long Island Lighting Company…." The invoice was in the amount of $6,046,666.94.

7. On October 27, 2025, counsel for PSEG and the Long Island Lighting Company wrote Brennan and alleged that, on February 23, 2025, "the barge that was transporting equipment and building material across the Narrows Bay, that was being operated by your company at the time, had snagged our clients' underground primary cable."

8. Brennan denies its involvement in an underground accident on February 23, 2025 that snagged PSEG's underground primary cable, as PSEG contends.

9. Brennan is not presently aware of any lawsuit being filed against it as a result of the alleged events of February 23, 2025.

10. Any damage suffered to an underground primary cable on February 23, 2025 was occasioned and occurred without fault of Brennan and without privity or knowledge of Brennan.

11. Neither the BRIDGE BUILDER 125 nor the JENNIFER have been attached or arrested in any suit brought in connection with any claim arising out of the aforementioned incident.

12. Brennan believes that the value of the M/V JENNIFER, including its rigging, equipment, freight (if any), and appurtenances, on February 23, 2025, did not exceed the sum of one million and no/100 dollars ($1,000,000.00).

13. Brennan believes that the value of the M/V BRIDGE BUILDER 125, including its rigging, equipment, freight (if any), and appurtenances, on February 23, 2025, did not exceed the sum of two-hundred and eighty-seven thousand and five hundred and no/100 dollars ($287,500.00).

14. The potential claims that could be asserted against Brennan arising out of the aforementioned incident could exceed the combined value of the JENNIFER and the BRIDGE BUILDER 125.

15. Brennan claims and seeks exoneration from liability for any loss, injury, or damage occasioned or incurred by reason of the aforementioned February 23, 2025, incident, and further alleges that it has valid defenses to those potential claims on the facts and on the law.

16. Alternatively, and without admitting any liability, Brennan claims the benefit of limitation of vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof. To that end, Brennan is ready and willing to proceed according to law and pursuant to the rules and practices of this Honorable Court.

17. This Complaint is filed within six months of Brennan's receipt of a written claim for damages arising out of the incident.

18. Brennan alleges that this Complaint for exoneration from, or limitation of, liability asserted herein is also filed on behalf of its insurers, underwriters, and any agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner.

19. No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid incident.

WHEREFORE, Plaintiff prays that:

a) This Court shall in due course cause appraisal to be made of the value of Plaintiff's interest in the M/V JENNIFER and M/V BRIDGE BUILDER 125 after the aforesaid incident on February 23, 2025;

b) This Court, upon written motion, shall enter an order directing Plaintiff to post appropriate security for the value of the M/V JENNIFER and M/V BRIDGE BUILDER 125, with a surety approved by the Court or other adequate security, for payment to the Court of the amount of said interest of Plaintiff whenever the Court shall so order;

c) This Court, upon written motion, shall enter an Order directing that on the giving of such security for said value as may be determined to be proper, or of a letter of undertaking or ad interim stipulation as will be offered by Plaintiff, the institution or further prosecution of any and all actions, suits,

and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present proceeding, against Plaintiff or its agents or representatives, or any other person for whom Plaintiff is or may be responsible, or against any of the property of Plaintiff, including, but not limited to, the M/V JENNIFER and M/V BRIDGE BUILDER 125 to recover damages caused by or resulting from said incident, or in respect of any claim or claims arising out of or resulting from said incident, shall be enjoined until the hearing and determination of this proceeding;

  d) This Court, upon written motion, shall enter an Order directing the issuance of a notice to all persons claiming damage for any and all loss, damage, expenses, or injuries caused by or resulting from the aforesaid incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said notice;

  e) This Court in this proceeding will adjudge that:

  (i) Plaintiff and the M/V JENNIFER and M/V BRIDGE BUILDER 125 are not liable to any extent for any loss, damage, death, or injury, nor for any claims whatsoever in any way arising out of aforesaid incident or voyage alleged in this Complaint, and, therefore, Plaintiff and the M/V JENNIFER and M/V BRIDGE BUILDER 125 are entitled to a decree of exoneration in this matter;

  (ii) If Plaintiff shall be adjudged liable to any extent in the

premises, then the liability of Plaintiff shall be limited to the value of the M/V JENNIFER and M/V BRIDGE BUILDER 125 immediately following the incident, and that a decree may be entered discharging Plaintiff and the M/V JENNIFER and M/V BRIDGE BUILDER 125 from all further liability and further enjoining the filing and prosecution of any claim against either Plaintiff and/or the M/V JENNIFER and M/V BRIDGE BUILDER 125 related to the incident alleged in this Complaint; and

f)   Plaintiff and the M/V JENNIFER and M/V BRIDGE BUILDER 125 may have such other and further relief as may be just and proper.

Dated December 7, 2025

>Respectfully submitted,
>
>GOLDSTEIN AND PRICE, L.C.
>and Giles B. Howard (seeking admission *pro hac vice*)
>
>By: _/s/ Giles B. Howard_
>701 Market, Suite 1500
>St. Louis, Missouri 63101
>314-516-1700 (phone)
>314-421-2382 (fax)
>giles@gp-law.com
>
>*Counsel for Limitation Plaintiff J.F. Brennan Company, Inc.*