BETANCOURT, GRECO, EVANS & VIGNOCCHI LLC

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

Dated: September 4, 2026

J.F. Brennan Company, Inc. is directed to file a response by **Monday, September 14, 2026**.

September 2, 2026

By ECF
Honorable Valerie Figueredo
United States Court House
500 Pearl St.
New York, NY 10007-1312

Re: In re Complaint of J.F. Brennan Company, Inc.
U.S.D.C. SDNY, civ. no.: 25 civ 10144 (DEH)(VF)

Dear Judge Figueredo,

We represent Claimant Long Island Power Authority ("LIPA"). We write to request a discovery conference concerning a dispute regarding Limitation Plaintiff J.F. Brennan Company, Inc.'s ("Brennan") Rule 26 disclosures. As set forth below, we confirm we made many attempts to resolve the dispute without Court intervention, though to no avail.

By way of background, this case concerns LIPA's claim for damage to its undersea cable located between Long Island and Fire Island near Smith Point Bridge. LIPA claims that Brennan's construction vessels struck and damaged the cable while Brennan was performing marine construction work near the Bridge. At the time, Brennan (through its Joint Venture), as general contractor, was performing marine construction work for claimant Sunrise Wind, LLC ("Sunrise"), the owner of an offshore wind farm project.

On August 11, 2026, the parties exchanged Rule 26 initial disclosures. Although Brennan served a form disclosure, the disclosure provided no substantive information whatsoever. With respect to disclosing individuals and documents, Brennan stated:

> In spite of repeated requests for information concerning LIPA's claim, Brennan's sole information concerning LIPA's allegations is a one-page invoice that provides no information as to what LIPA alleges occurred to damage its property. Without knowing more about what LIPA claims happened, Brennan cannot reasonably identify the witnesses/documents it may use to defend against LIPA's claim. Brennan will supplement promptly once the factual basis for LIPA's claim against Brennan is identified. (See Ex. 1.)

Brennan's attempt to falsely limit and frame its knowledge of LIPA's claim for purposes of making Rule 26 disclosures is disingenuous. Brennan's Limitation Complaint and the Claims filed by LIPA and Sunrise provide Brennan more than ample information to identify individuals and documents for disclosure. Those pleadings alone allege:

- that Brennan was the owner *pro hace vice* of the vessels JENNIFER and BRIDGE BUILDER 125 (collectively, the "Vessels");
- that the Vessels were operating and maneuvering Poseidon spud barges ("Barges") in the vicinity of LIPA's cable on the day of the incident;
- that the Vessels combined values did not exceed the sum of $1,287,500;
- the location of the cable;
- that Brennan and Laney Directional Drilling formed a joint venture ("JV");
- that the JV entered into a construction contract with Sunrise to connect offshore wind turbines to the existing electrical grid on Long Island;
- that the JV's work included vessel and construction activities in the vicinity of LIPA's cable; and
- that the JV was responsible for planning/executing the construction contract, including implementing and supervising all safety precautions necessary to prevent damage, injury or loss to property at the construction site.

All of the above provide more than ample information for Brennan to reasonably identify witnesses and documents for its Rule 26 initial disclosures. Among other things, Brennan can certainly identify individuals who have information concerning:

- the construction contract and the JV contract, including the duties and obligations of the parties for the construction work to be performed;
- the nature/scope of work to be performed under the construction contracts;
- the performance of the construction work under the construction contract;
- the construction activities undertaken, including on the day in question;
- the Vessel activities on the day in question and otherwise;
- the shore-side management of the Vessels and Barges;
- the ownership and chartering arrangements for the Vessels and Barges; and
- the value of the Vessels and Barges.

With regard to documents, Brennan, among other things, can certainly identify:

- construction and JV contracts and agreements;
- construction records, plans and specifications, including safety plans;
- Vessel shipboard records, operational manuals and safety records;
- Vessel title and chartering documents; and

- Vessel bills of sales, valuations, surveys and other valuation documents.

For Brennan to state in its "disclosures" that it does not have enough information "to reasonably identify" witnesses and documents is absurd and makes it crystal clear that Brennan is attempting to deprive LIPA of initial discovery in bad faith.

The undersigned has made many good faith efforts in written correspondence and in attempted telephone calls to Brennan's counsel to resolve this dispute:

- On August 19, 2026, I wrote to Brennan's counsel detailing the issue and requesting supplementation of Brennan's disclosures. (See Ex. 2.)
- On August 20, 2026, Brennan's counsel, attorney Howard, emailed me essentially stating he needed discovery from LIPA before he could provide disclosures and that he was on vacation. (See Ex. 3).
- On August 21, 2026, I called and emailed Brennan's counsel, attorney Settegren, requesting that he call me, but he did not. Instead, he emailed me that I should wait to speak to attorney Howard (who was out until September 7, 2026). I also emailed attorney Howard asking him to call. (See Exs. 4 &5.)
- From Monday through Wednesday, August 24-26, I called attorney Settegren. On each occasion, his receptionist told me he was in and she transferred me to his line. He did not pick up and I left voice-mails requesting that he call me. He did not, but emailed me instead stating I should speak to attorney Howard. I also had correspondence with attorney Howard during this time, but he did not call me either. (See Exs. 6 & 7.)
- On August 28, 2026, I received an email from attorney Howard stating he would speak to me on September 2, 2026. (See Ex. 8.)
- On August 28 and 31, 2026, I wrote to attorney Howard confirming that date and asked him to let me know what time worked for him for the call. (See Ex. 8.)
- On September 1, 2026, attorney Giles responded in utter bad faith that we could speak at 3:00 a.m. in the morning (EST). (See Ex. 9.)

Accordingly, LIPA respectfully requests this Court set a discovery conference to address Brennan's refusal to provide substantive Rule 26 disclosures.

Very truly yours,
BETANCOURT, GRECO, EVANS & VIGNOCCHI LLC

By s/ Ronald Betancourt