Betancourt,
Greco, Evans &
Vignocchi LLC

MEMO ENDORSED

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE
Dated: September 9, 2026

Sunrise Wind, LLC is directed to file a response by **Wednesday, September 16, 2026**.

By ECF
Honorable Valerie Figueredo
United States Court House
500 Pearl St.
New York, NY 10007-1312

Re: In re Complaint of J.F. Brennan Company, Inc.
U.S.D.C. SDNY, civ. no.: 25 civ 10144 (DEH)(VF)

Dear Judge Figueredo,

We represent Claimant Long Island Power Authority ("LIPA"). We write concerning a discovery dispute regarding Claimant Sunrise Wind, LLC's ("Sunrise") Rule 26 disclosures. Presently before Your Honor is LIPA's request for a discovery conference concerning Limitation Plaintiff J.F. Brennan Company, Inc. ("Brennan") Rule 26 disclosures. We respectfully request that LIPA's dispute with Sunrise be consolidated with its dispute with Brennan. As set forth below, we, and counsel for Sunrise, have made good faith attempts to resolve the dispute without Court intervention, though to no avail.

Again, by way of background, this case concerns LIPA's claim for damage to its undersea cable located between Long Island and Fire Island near Smith Point Bridge. LIPA claims that J.F. Brennan Company Inc.'s ("Brennan") construction vessels struck and damaged the cable while Brennan was performing marine construction work near the Bridge. At the time, Brennan (through its Joint Venture), as general contractor, was performing marine construction work for claimant Sunrise, the owner of an offshore wind farm project. Sunrise filed a claim in the action seeking contractual defense and indemnification from Brennan for any losses arising from the incident.

On August 10, 2026, the parties exchanged Rule 26 initial disclosures. Although Sunrise provided certain names of potential witnesses from LIPA and Brennan, Sunrise did not identify any specific Sunrise personnel by name, but rather simply identified such individual(s) as "Representative of Sunrise" who were likely to have knowledge of:

> ...the facts and circumstances related to the claims and defenses asserted in the above-captioned matter, including Sunrise's contractual relationship with Brennan, Laney Directional Drilling company, and/or Laney Brennan Smith

Joint Venture, execution of the Master Construction Agreement, and communications with Laney Brennan Smith Point Joint Venture. (See Ex. 1).

Thus, Sunrise has failed to identify any Sunrise witnesses which relate to the incident and its involvement as the Project Owner of the marine construction project, which is at the heart of this action. The only documents Sunrise has identified/produced are the documents it appended to its Claim filed with the Court on March 16, 2026 – the construction contract between Sunrise and Brennan (without exhibits, appendices, etc. thereto), and demand/tender letters related to the claim/indemnity.

Sunrise has taken the position that its indemnity claim is limited to the construction contract terms and that it is only obligated to provide disclosures concerning the contract terms and absolutely nothing else - nothing about the performance of the contract and the events of the day in question. Such an interpretation of Rule 26 would erode the efficacy of the Rule's disclosure requirements and only promote gamesmanship that Rule 26 intends to prevent.

Even assuming Sunrise's position is correct, which is denied, the construction contract and its indemnity clause cannot be considered in a vacuum. Here, the contractual indemnity obligation flowing from Brennan to Sunrise is only triggered by Brennan's negligence, which issue is at the heart of this lawsuit. Accordingly, Brennan's negligence is part of Sunrise's indemnity claim and Rule 26 compels disclosure of witnesses and documents Sunrise "...may use to support its claims...."

Rule 26, and indeed all of the pre-trial discovery rules, are designed to promote the disclosure of relevant information between the parties to a litigation so cases may move through the Court system with greater efficiency. Rule 1 outlines the scope of the Federal Rules of Civil Procedure and states these rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Sunrise's refusal to name Sunrise witnesses and identify Sunrise documents related to the construction project is inapposite to the spirit and letter of Rules 1 and 26.

Accordingly, Sunrise should be ordered to supplement its disclosures and identify the name(s) of Sunrise personnel who are likely to have discoverable information, including, but not limited to:

- the construction contract in question, including the duties and obligations of the parties to the construction contract for the work to be performed;
- the nature and scope of construction work to be performed;

- the performance of the construction work under the construction contract;
- the construction activities on the day in question and otherwise; and
- the vessel activities at the construction site.

With regard to the disclosure of documents, ESI and tangible things, Sunrise should be ordered to provide disclosure of documents, including, but not limited to:

- construction plans and specifications, including safety plans; and
- construction records.

Counsel for both parties have made good faith efforts in written correspondence and telephone calls to resolve this dispute:

- On August 20, 2026, I wrote to Sunrise's counsel detailing the issue and requesting supplementation of Sunrise's disclosures. (See Ex. 2).
- On August, 24, 2026, I called and emailed Sunrise's counsel, attorney Honea, requesting that he call me. (See Ex. 3).
- On August 24, 2024, Sunrise's Counsel, Attorney Kontakis, emailed me stating he would call me on Wednesday, August 26, 2026. (See Ex. 3).
- On August 26, 2026, my colleague Clayton Vignocchi and I conferred telephonically with Sunrise's Counsel Attorneys Kontakis and Honea for approximately thirty (30) minutes. Sunrise explained its position as outlined above.
- On September 3, 2026, I tried calling and emailed Sunrise's counsel stating that LIPA had considered Sunrise's position and wanted to further confer regarding Sunrise's Rule 26 disclosures. (See Ex 4).
- On September 3, 2026, Sunrise's Counsel, Attorney Kontakis, emailed asking if LIPA's position had changed. (See Ex. 4).
- On September 3, 2026, I emailed Sunrise's Counsel responding that it had not and asked him to call me. (See Ex. 4).
- Today, I spoke again with Attorneys Kontakis and Honea for about thirty (30) minutes, but counsel had very different positions.

Accordingly, LIPA respectfully requests this Court schedule a discovery conference to address Sunrise's refusal to provide appropriate Rule 26 disclosures.

Very truly yours,
BETANCOURT, GRECO, EVANS & VIGNOCCHI LLC

By s/ Ronald Betancourt