**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

IN THE MATTER OF THE COMPLAINT OF J.F. BRENNAN COMPANY, INC. FOR EXONERATION FROM, OR LIMITATION OF LIABILITY

**25-CV-10144 (DEH) (VF)**

**ORDER**

---------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On September 2, 2026, Claimant Long Island Power Authority ("LIPA") filed a letter motion seeking a discovery conference to address a dispute concerning Limitation Plaintiff J.F. Brennan Company, Inc.'s ("Brennan") Rule 26 disclosures. ECF No. 35. On September 4, 2026, LIPA submitted a letter motion concerning Claimant Sunrise Wind, LLC's ("Sunrise") Rule 26 disclosures. ECF No. 37. Both Brennan and Sunrise responded to LIPA's letter motions. ECF Nos. 42, 43. A conference to address the dispute was held on September 21, 2026.

As it concerns Brennan's Rule 26 disclosures, Brennan claims that it cannot "reasonably identify the witnesses it may use to defend against LIPA's claim" without "knowing more about what LIPA claims happened." ECF No. 35-1. "A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). Moreover, "the federal discovery rules place a duty on a party to turn over not only proper materials of which he is aware, but also those of which he reasonably ought to have been aware." Arthur v. Atkinson Freight Lines Corp., 164 F.R.D. 19, 20 (S.D.N.Y.1995) (emphasis omitted). In order to ensure parties' compliance with the mandatory disclosure requirements of Rule 26, Rule 37(c)(1) provides that: "If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Brennan is hereby warned that if the Court later determines that it did not meet its disclosure

obligation under Rule 26, and its failure to timely disclose the name of witnesses was not substantially justified or harmless, it may be precluded from relying on any late-disclosed witnesses in the future.

As it concerns Sunrise, the information LIPA seeks is more appropriately obtained through written document requests, which the Court understands LIPA has already served.

The Clerk of Court is directed to terminate the letter motion at ECF No. 37.

**SO ORDERED.**

DATED: New York, New York
September 23, 2026

VALERIE FIGUEREDO
United States Magistrate Judge